FEDERAL ADVERTISING CORP., A NEW JERSEY CORPORATION, RUTHERFORD HOMES, INC., A NEW JERSEY CORPORATION, AND PETER KISCIRAS AND THEODORE KISCIRAS, TRADING AS BERGEN RESTAURANT, RELATORS, v. CLARENCE J. HARDIN AND THE BOROUGH OF RUTHERFORD, RESPONDENTS.

Submitted May 4, 1948—Decided August 9, 1948.

Before Justices BODINE and JACOBS.

For the relators, *Greenburg, Wilensky & Feinberg* (*Oscar R. Wilensky,* of counsel).

For the respondents, *Oliver T. Somerville.*

The opinion of the court was delivered by

JACOBS, J.   This matter is before the court on a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the building inspector of the Borough of Rutherford to issue a permit for the erection of signs on the buildings located at 41 Park Avenue, Rutherford, and 2 Erie Avenue, Rutherford.

The relator Federal Advertising Corp. leased the right to erect "an advertising structure on the roof of the building known as 41 Park Avenue" from the relator Rutherford Homes, Inc., and similarly leased the right to erect an advertising structure on the roof of the building known as 2 Erie Avenue from the relators Peter and Theodore Kisciras. Thereafter, the relator Federal Advertising Corp. on behalf of itself and the other relators, applied to the respondent building inspector of Rutherford for a permit authorizing

the erection of outdoor signs on the roofs of the aforementioned buildings.

The proposed signs were to be constructed entirely of steel and iron and without any combustible material and drawings of the signs were submitted to the building inspector. Telephone conferences were held between the attorney for the relators and the building inspector and under date of August 7th, 1947, the attorney sent a confirmatory letter setting forth his understanding that the permit would be issued upon the furnishing of "a licensed engineer's report to the effect that the building can adequately support the sign with safety to the public." In acknowledgment of this letter the building inspector advised that, "Upon receipt of a report from a licensed engineer same will be submitted to the Mayor and Council for their approval." This letter further advised that Mr. William G. Ihnen, the licensed engineer who had been retained by the relators, had been to the building inspector's office and had stated that he would submit the required report. After receipt of Mr. Ihnen's report, the building inspector stated that he wanted a report from another engineer. The testimony on behalf of the relators indicates that they submitted the name of another engineer but that they were then told by the building inspector that "it would be useless to submit any further engineering reports because the Mayor and Borough Council had unofficially advised him not to give the permit under any conditions." The building inspector concedes that the Mayor and the Council had no jurisdiction over the applications to him by the relators.

The parties agree that there are no pertinent municipal restrictions, zoning or otherwise, which would prohibit the erection of the advertising signs contemplated by the relators. See *O'Mealia Outdoor Advertising Co.* v. *Rutherford (Supreme Court,* 1942), 128 *N. J. L.* 587, where the court set aside the borough's 1941 ordinance which sought to prohibit the erection of outdoor advertising signs. They further agree that the only pertinent municipal requirement is that embodied in the building code to the effect that any person desiring to erect a sign must obtain a permit from the building inspector. The code provides that every application for

such permit must give a "full detailed statement of the specifications, for said work," and that the permit should issue "without unnecessary delay in all cases where the drawings and detailed statement of specifications" comply with the code. Respondents urge, however, in opposition to the relief sought by relators, that the permit was properly denied under the building code on the ground that the building inspector reasonably found that the proposed signs could not be erected with reasonable safety to the public, and that the relators had not complied with the procedural requirements of the building code relating to the filing of applications embodying details of construction.

The contemplated signs are no different than those usually erected by advertising companies on roofs throughout the state. The president of the relator Federal Advertising Corp. testified that his company now has approximately 200 such signs, that they are entirely safe, and that none of the signs has ever fallen during the past 25 years. Mr. Ihnen, the engineer who had submitted a report on behalf of the relators to the building inspector, testified that signs had formerly been erected on the buildings in question, that the buildings were entirely suitable for the contemplated signs and that they could be erected with "full safety to the public." His testimony was generally supported by the testimony of Richard Haenichen, a licensed civil engineer who has specialized in construction work and who, as plant examiner and engineer for the building department of the City of Paterson, has had occasion to pass upon several hundred applications for the erection of signs.

On behalf of the respondents the building inspector, who is not an engineer, testified that, in his opinion, roof signs could not with safety be erected on the buildings in question. Ronald B. Brown, the borough engineer of Rutherford, who also testified on behalf of the respondents, stated that the roofs of the buildings would hold the weight of the signs but that "a hurricane wind" would be sufficient to lift the sign and roof. He stated that any construction which would remove vibrations from the roof load would be satisfactory. In this regard, Mr. Haenichen testified that if the signs were

properly affixed there would not be the "slightest danger" even from hurricane winds.

Our examination of the testimony in the state of case leads us to the conclusion that there is no substantial basis for the contention that the signs cannot be erected with safety to the public or that the denial was based on that ground. On the contrary, the evidence indicates that the respondents, in the language of the borough inspector, "are all opposed to advertising;" that they discouraged the prosecution of the application for permit to erect the signs; that the denial of the permit was an expression of the respondents' unofficial policy against the erection of any signs; and that the assertion that the signs could not be erected with safety to the public was an attempt to furnish legal support for the denial.

Under the circumstances it was "the peremptory duty of the building inspector to issue the permit" upon relator's compliance with the building code. See *Sgromolo* v. *Asbury Park* (*Supreme Court,* 1946), 134 *N. J. L.* 195, 198; *Piaget-Del Corp.* v. *Kulik* (*Supreme Court,* 1945), 133 *Id.* 485, 488. Respondents contend, however, that the relators have not complied fully with the requirements of the building code in that they did not state the required details of construction. We have no doubt that if the respondent building inspector had requested more detailed plans and specifications he would have been entitled to them. He made no such request, made no inquiries as to the proposed locations on the roofs, and made no suggestions as to manner of construction. Under these circumstances it is doubtful whether the respondents should be permitted to assert the non-compliance with procedural requirements as a ground for defeating relators' right to relief. See *Reimer* v. *Dallas* (*Supreme Court,* 1925), 129 *Atl. Rep.* 390, not officially reported. Nevertheless, we have concluded that, in the absence of detailed plans of construction, an alternative rather than a peremptory writ of *mandamus* should issue. *Deymann* v. *Mayor and Alderman of Jersey City* (*Supreme Court,* 1926), 4 *N. J. Mis. R.* 571. This will afford the relators an opportunity to file forthwith such supplemental documents as may be necessary to insure full compliance with the procedural requirements of the

building code pertaining to details of construction, including plans of the roofs, the specific points of construction, the specific manner of attachment to roofs and buildings with particular reference to safety factors, and such other matters as may be pertinent.

In the light of the foregoing, we find no occasion for determining, at this time, the soundness of the contention urged by relators, that *R. S.* 54:40–20 precludes any municipal control over the erection of outdoor billboard advertising (*Cf. Mills* v. *Mosher* (*Supreme Court,* 1942), 128 *N. J. L.* 546, 548; *Chaiet* v. *East Orange* (*Supreme Court,* 1948), 136 *Id.* 375, 377), or the standing of the relators to deny the validity of the requirement for a permit in a *mandamus* proceeding to compel the issuance of the permit.

An alternative writ will be awarded.